PRICE *v.* NEW YORK, CHICAGO & ST. LOUIS RAILROAD CO.

Opinion delivered December 5, 1927.

1. CARRIERS—ASSIGNMENT OF CLAIM FOR TRANSPORTATION CHARGES—NECESSARY PARTY.—In an action by a terminal carrier against the shipper to recover transportation charges advanced to the initial carrier on a shipment of poultry subsequently confiscated for the diseased condition of the fowls, the initial carrier having assigned its claim to the plaintiff, the court did not err in overruling defendant's motion to make the initial carrier a party, where the shipper's agreement to pay the freight and transportation charges was witnessed by the bill of lading.

2. CARRIERS—ACTION FOR FREIGHT CHARGES—NECESSARY PARTIES.—In an action by a terminal carrier to recover freight and transportation charges of a shipper on a through bill of lading, refusal to grant the shipper's request to make the initial carrier a party in order that defendant might offset a claim for damages against the amount plaintiff paid the initial carrier for freight and transportation, was not error where, even though the bill of lading was assignable, under Crawford & Moses' Dig., §§ 475, 477, it was not assigned to plaintiff.

3. CARRIERS—SUIT FOR TRANSPORTATION CHARGES—SET-OFF.—Where a shipper's cause of action against the initial carrier for negligence in delaying shipment was different and independent from the terminal carrier's action against the shipper to recover freight and transportation charges on poultry shipped on through bill of lading, the shipper could not counterclaim and set-off his damages against the terminal carrier's claim for freight; Crawford & Moses' Dig., §§ 1194, 1204, being inapplicable.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Hill & Fitzhugh* and *W. N. Ivie,* for appellant.

*Walter A. Eversman, Charles W. Racine* and *Walker & Walker,* for appellee.

HUMPHREYS, J. This suit was brought in the circuit court of Washington County by appellee against appellant to recover freight and transportation charges amounting to $935.30 on a car of live poultry shipped on a through bill of lading from Ardmore, Oklahoma, to New York City, which included return freight and transportation charges to Delphos, Ohio, where the car of poultry was stopped, condemned and destroyed by the Ohio State Department of Agriculture, on account of the diseased condition of the poultry, contracted in the terminal yards at Hoboken, New Jersey. The initial carrier was the St. Louis-San Francisco Railway Company, and appellee was the terminal carrier, which paid the freight and transportation charges to the initial and all intermediate carriers on the forward and return shipments. When the poultry reached its destination, delivery could not be made on account of a disease known as European fowl plague that had developed in the terminal yards, and the car of poultry was reconsigned, on through bill of lading, to appellant at Fayetteville, Arkansas, by the Chelsea Live Poultry Company, the duly authorized agent of appellant. The matters set out above constitute the material allegations of appellee's complaint.

Appellant filed an answer and motion to make the St. Louis-San Francisco Railway Company a party defendant, alleging that the freight and transportation charges paid by appellee to it was on open account, upon which appellee had no right to maintain an action without making its assignor a party; and that, if the bill of lading was an assignable contract and not an open account, under the statutes of Arkansas, appellee acquired same subject to all defenses that appellee had against the St. Louis-San Francisco Railway Company. Appellant also filed, as a part of his answer and motion, a cross-bill against the St. Louis-San Francisco Railway Company, in which he alleged that said initial carrier negligently

delayed the shipment between Ardmore, Oklahoma, and St. Louis, Missouri, which prevented it from reaching its destination before an embargo was declared against the delivery of poultry in the New York markets, to its damage in the sum of $3,500, the value of the car of poultry.

A demurrer was filed to the answer and cross-complaint and sustained by the court, over the objection and exception of appellant.

The cause was then submitted to the court sitting as a jury upon the pleadings and testimony introduced by appellee in support of the allegations of the complaint, which resulted in a judgment against appellant for the freight and transportation charges paid by it to the initial and intermediate carriers in the sum of $935.30 with interest at 6 per cent. per annum from March 31, 1925, from which is this appeal.

Appellant's first contention for a reversal of the judgment is that the court erred in overruling its motion to make the initial carrier, the St. Louis-San Francisco Railway Company, a party to the action, and in support of its contention cites § 1090 of Crawford & Moses' Digest, which is as follows:

"Where the assignment of a thing in action is not authorized by statute, the assignor must be a party, as plaintiff or defendant."

It is argued by learned counsel that the claim for freight and transportation charges is an open account not authorized to be assigned by statute. We cannot agree with them. The agreement to pay freight and transportation charges is a written contract in the form of a bill of lading between all the carriers and the shipper. It is not an open account, but it is a written contract in the nature of a request to the last carrier to pay the freight for him to the initial and intermediate carriers.

Appellant's next contention for a reversal of the judgment is that, if the bill of lading was an assignable agreement, the court erred in refusing to grant his request to make the initial carrier, the St. Louis-San Francisco

Railway Company, a party, in order that he might offset his claim for damages against the amount appellee paid him for freight or transportation charges, which amounted to $424.40, according to the undisputed testimony. In support of the contention, he cites §§ 475 and 477 of Crawford & Moses' Digest, which are as follows:

"Section 475. All bonds, bills, notes, agreements and contracts in writing, for the payment of money or property, or for both money and property, shall be assignable.

"Section 477. Nothing contained in this act shall change the nature of the defense, or prevent the allowance of discounts or offsets, either in law or equity, that any defendant may have against the original assignor previous to the assignment, or against the plaintiff or assignee after the assignment."

We do not think the sections have any application, for the reason that the bill of lading, if assignable under said § 475, was not assigned to appellee. Appellee was the delivering or terminal carrier that paid the freight and transportation charges to the initial and connecting carriers at the request of appellant, the shipper, in expectation of being reimbursed when the consignee or party designated in the bill of lading to receive the car should present same and request its delivery.

Appellant's next and last contention for a reversal of the judgment is that his cross-complaint, seeking damages against the initial carrier on account of negligence, entitled him to counterclaim and set-off his damages against appellee's claim for freight and transportation charges. In support of this contention he cites §§ 1194 and 1204 of Crawford & Moses' Digest, which are as follows:

"Section 1194. The answer shall contain: (1) The style of the court and the style of the action, followed by the word 'answer.' But where there are several plaintiffs and defendants, it shall be only necessary to give the one first named of each class, with the words 'and others.' (2) A denial of each allegation of the com-

plaint controverted by the defendant, or of any knowledge or information thereof, sufficient to form a belief. (3) A statement of any new matter constituting a defense, counterclaim or set-off, in ordinary and concise language, without repetition. (4) The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered. The several defenses must refer to the causes of action which they are intended to answer in a manner by which they may be intelligently distinguished.''

''Section 1204. A defendant may file a cross-complaint against persons other than the plaintiff, and have proceedings thereon as follows: (1) When a defendant has a cause of action against a co-defendant, or a person not a party to the action, and affecting the subject-matter of the action, he may make his answer a cross-complaint against the co-defendant or other person. (2) The defendant to such cross-complaint may be actually or constructively summoned, and defense thereto shall be made in the time and manner prescribed in regard to the original complaint, and with the same rights of obtaining provisional remedies applicable to the case. (3) The filing and prosecution of the cross-complaint shall not delay the trial and decision of the original action when a judgment can be rendered therein that will not prejudice the rights of the parties to the cross-complaint.''

We do not think either section has any application to the instant case.

The alleged action of appellee against appellant and that of appellant against the St. Louis-San Francisco Railway Company are entirely different and wholly independent of each other. Appellee's right of action against appellant is based upon appellant's request, either express or implied, to pay freight and transportation charges for him to the initial and connecting carriers, in order that the car of poultry might be delivered to the party designated by him; whereas appellant's alleged right of action against the St. Louis-San Fran-

cisco Railway Company is based upon the latter's negligent delay in transporting the car of poultry from Ardmore, Oklahoma, to St. Louis, Missouri. No negligence is alleged against appellee occasioning a delay in shipment and delivery.

The causes of action are different, hence there could be no offset or counterclaim of one against the other. By reference to § 1204 it will be seen that a third person may be a party to the action in case the action against the third party affects the subject-matter of the original action. There is no relationship between the subject-matter of the two actions. One does not and cannot affect the other. The statutes cited and relied upon by appellant were in existence when the case of *Railway Company* v. *Lear*, 54 Ark. 399, 15 S. W. 1030, was decided. In that case Mr. Justice HEMINGWAY said:

"Each of several lines of connecting carriers, engaging in the transportation of property under a bill of lading for a continuous carriage, may ordinarily pay the charges of previous carriers and have a lien on the property for the amount advanced, as well as for its own charges. The rule is a part of the commercial law of the land, and, as it is said, of the world, springing from a commercial convenience and necessity. It is to the special advantage of the snipper, as well as of the public, for it facilitates rapid transit without breaking bulk, and tends to lower rates. Each carrier is entitled to hold the property until its proper charges are paid, and, but for the rule above stated, the shipper would be required to arrange in some way for the payment thereof at each point on the route where carriers changed. Convenience and necessity therefore authorize successive carriers to receive property billed, and to advance previous charges and assert a claim for the amount advanced."

We think the instant case is ruled by *Railway Company* v. *Lear, supra.*

No error appearing, the judgment is affirmed.

HART, C. J., dissents.